IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS FULTON, | : | |
|     Petitioner | : | No. 1:24-cv-01691 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN RICKARD, FCI SCHUYLKILL, | : | |
|     Respondent | : | |

## MEMORANDUM

Currently before the Court is pro se Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition.

### I.  BACKGROUND

On October 13, 2022, pro se Petitioner Paris Fulton ("Fulton"), who is currently incarcerated at Federal Correctional Institution Schuylkill, pleaded guilty to one (1) count of felon in possession of a firearm (18 U.S.C. §§ 922(g)(1), 924(a)(2)) in the United States District Court for the Southern District of New York. See United States v. Fulton, No. 1:22-cr-00049-2 (S.D.N.Y. filed Jan. 12, 2022), ECF No. 69. On May 1, 2023, Fulton was sentenced to sixty (60) months' incarceration. See id., ECF No. 120. Fulton did not file an appeal from his judgment of sentence. According to the Federal Bureau of Prisons Inmate Locator (https://www.bop.gov/inmateloc/), Fulton's release date is August 10, 2026.

Fulton commenced the instant action by filing a two (2)-page "Motion for FSA, SCA, and RDAP under 28 U.S.C. § 2241 for 'Duration of a Sentence,'" which the Clerk of Court docketed on October 3, 2024. See (Doc. No. 1). In this submission, which this Court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Fulton asserted that the Federal Bureau of Prisons ("BOP") violated the Second Chance Act ("SCA"), First Step Act ("FSA"), and Residential Drug and Alcohol Program ("RDAP"), and he sought "a full review of his earned

time credits under [the] FSA and RDAP." See (id. at 1). Fulton also claimed that "exhaustion should not be required in this matter, because of futility" insofar as he "was [s]entenced to a [t]erm of [i]mprisonment for 60 months, [with a p]rojected [r]elease [d]ate in 2027, so there [wa]s not sufficient time" for him to "exhaust all [BOP] [a]dministrative [r]emedy steps in such a short time frame." See (id.). He further claimed that if he attempted to exhaust his BOP administrative remedies "he could not then receive SCA and FSA for his [h]alfway [h]ouse in time." See (id.).

Fulton did not submit his petition on the Court's standard form. To rectify this issue, the Court issued an Order on October 16, 2024, directing the Clerk of Court to send Fulton the Court's standard form Section 2241 petition and ordering Fulton to complete and return the form petition within thirty (30) days. (Doc. No. 5.) Fulton timely complied with this Order by completing and returning the form Section 2241 petition, which the Clerk of Court docketed on November 7, 2024. (Doc. No. 6.) In this petition, Fulton asserts one claim, namely, that the BOP is "not obeying under Loper,[1] [f]ederal laws[,] and [s]tatutes of [sic] FSA, SCA, and RDAP consecutive terms of [h]alfway [h]ouse [p]lacement." See (id. at 6). Fulton's facts supporting this claim are:

> FCI Schuylkill is issuing the highest single Halfway House term of placement, for example: should RDAP give you 10 months, SCA rated 6 months, and FSA Time credits totalled [sic] 7 months, you only receive the 10 months of RDAP placement, and not the proper total of 23 months Halfway House Placement Times. This is not per Statute or Law, and they were meant to be consecutive, not concurrent terms.

See (id.).

---

[1] Presumably, Fulton is referencing Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), in which the United States Supreme Court overruled Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

2

On November 26, 2024, the Court entered an Order which, <u>inter alia</u>, directed Respondent to file a response to the habeas petition and gave Fulton a period of fourteen (14) days after the filing of Respondent's response to file a reply brief. (Doc. No. 8.) Respondent timely complied with the Order by filing a response in opposition to the habeas petition on December 16, 2024. (Doc. No. 10.) Fulton did not file a reply brief and his time to do so has passed. Therefore, Fulton's habeas petition is ripe for disposition.

## II.    DISCUSSION

### A.    Section 2241

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." <u>See</u> <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." <u>See</u> <u>Woodall</u>, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. <u>See, e.g.</u>, <u>Barden v. Keohane</u>, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence); <u>United States v. Vidal</u>, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) ("Because [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

**B.    Analysis**

In Respondent's response to Fulton's habeas petition, he argues that the Court should dismiss the petition because: (1) Fulton failed to exhaust his administrative remedies; (2) the Court lacks jurisdiction over Fulton's claim because his request for Residential Reentry Center ("RRC") placement is not a cognizable habeas claim and BOP decisions concerning prerelease custody placements and RDAP are not judicially reviewable; and (3) Fulton is not entitled to any prerelease custody placement, is ineligible for application of his earned FSA time credits, and is not entitled to RDAP or its benefits.  (Doc. No. 10 at 1–2.)  The Court agrees with Respondent that Fulton has failed to exhaust his administrative remedies.[2]

Although Section 2241 does not contain an explicit statutory exhaustion requirement, the Third Circuit Court of Appeals has consistently required a federal inmate to exhaust their administrative remedies before filing a Section 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." (citations omitted)).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761–62 (citations omitted)).  Exhaustion is not required when it would not promote these goals. See Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("The exhaustion doctrine will not be applied . . . when none of the basic goals (of the doctrine) would be served." (citation and internal quotation marks omitted)).  "For example, exhaustion may be excused where it 'would

---

[2]  Given this conclusion, the Court need not address Respondent's other arguments.

be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of [their] confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." See id. § 542.14(a). The warden is to respond to the request within twenty (20) calendar days. See id. § 542.18. An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal from the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id. The General Counsel's response to this appeal is due within twenty (20) calendar days; however, the time for a response may be extended by twenty (20) days. See id. § 542.18.

Here, Respondent argues that Fulton failed to exhaust his administrative remedies because the BOP's computerized records show that he did not submit any requests for administrative remedies during his federal incarceration. See (Doc. Nos. 10 at 6; 10-2 ¶ 6; 10-4 at 2). Fulton does not appear to contest this fact, as he asserts in his original petition that exhaustion should be excused because it is futile. (Doc. No. 1 at 1.) In support of this futility argument, Fulton contends that because he was sentenced to sixty (60) months' incarceration and

has a projected release date in 2027, "there [i]s not sufficient time to exhaust all [BOP] [a]dministrative [r]emedy steps in such a short time frame, and should [he] attempt to do so, he could not then receive SCA and FSA for his [h]alfway [h]ouse in time." See (id.). This argument is meritless.

In his operative habeas petition, Fulton acknowledges that the issue he is complaining about has been "ongoing since 9/2023." See (Doc. No. 6 at 2). Based on the periods of time set forth in the BOP's administrative process, Fulton could have fully exhausted his claim in approximately four (4) months. In other words, Fulton could have exhausted the claim by January or February 2024, which was approximately eight (8) months before he filed his original habeas petition in this case. Overall, Fulton has not shown that exhaustion is futile because he does not have sufficient time to pursue his claims through the BOP's administrative system. To the contrary, he has had ample time but apparently chose not to pursue his claims with the BOP before filing his habeas petition. Accordingly, Fulton's futility argument is meritless, and the Court will dismiss his habeas petition without prejudice due to his failure to exhaust administrative remedies.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Fulton's Section 2241 petition without prejudice for his failure to exhaust administrative remedies. An appropriate Order follows.

                                                s/ Yvette Kane
                                                Yvette Kane, District Judge
                                                United States District Court
                                                Middle District of Pennsylvania